Filed 10/9/20  P. v. L.W. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074619 |
| v. | (Super.Ct.No. FELJS19000224) |
| L.W., | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of San Bernardino County.  Lorenzo R. Balderrama, Judge.  Dismissed.

Michelle D. Peña, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant and appellant L.W. appeals from an order denying her petition challenging her status as a mentally disordered offender (MDO). (Pen. Code,[1] § 2960, et seq.) After counsel filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to undertake a review of the entire record. We conclude that *Anders*/*Wende* procedures do not apply to appeals in MDO commitment cases, and thus dismiss the appeal.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2018, defendant resisted arrest, causing injury to an officer, as she was being escorted out of a Planned Parenthood for creating a disturbance.

On April 10, 2018, a felony complaint was filed charging defendant with two counts of felony resisting an executive officer by means of threat and violence (§ 69; counts 1 & 2). The complaint also alleged that defendant had suffered a prior serious and/or violent strike conviction (§§ 667, subds. (b)-(j), 1170.12, subd. (b)). On that same day, the trial court, on its own motion and over defense counsel's objection, declared a

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

doubt as to defendant's mental competency, ordered defendant to undergo a competency evaluation under section 1368, and suspended the proceedings.

On July 2, 2018, Dr. B.R. Rubenstein evaluated defendant and found defendant incompetent to stand trial. Dr. Rubenstein concluded defendant was """highly unstable and uncooperative with treatment while incarcerated""" and observed defendant to be """snapping her fingers, irritable, labile, disorganized[,] and uncooperative."""

On July 10, 2018, the trial court found defendant incompetent to stand trial under section 1368. Defendant was thereafter transferred to Patton State Hospital (Patton) for restoration of competence.

On November 19, 2018, defendant was discharged from Patton.

On November 27, 2018, defendant was found mentally competent to stand trial under section 1368 and criminal proceedings were reinstated.

On December 10, 2018, defendant pleaded nolo contendere to one count of felony resisting arrest (§ 69; count 1) with threat or violence. In return, the remaining allegations were dismissed, imposition of a two-year sentence was suspended, and defendant was placed on formal probation for a period of three years on various terms and conditions. One of defendant's probationary terms required defendant to participate in a mental health treatment program.

On March 12, 2019, the trial court revoked defendant's probation after it found defendant failed to comply with her mental health treatment program.

On April 3, 2019, after waiving her rights to a formal probation revocation hearing, defendant admitted to violating her probation. The trial court thereafter terminated defendant's probation and sentenced her to two years in state prison with 521 days' credit for time served. Defendant's parole release date was July 17, 2019.

Upon her arrival at the California Department of Corrections and Rehabilitation (CDCR) on April 30, 2019, defendant was placed in the Mental Health Services Delivery System at the Enhanced Outpatient Program.

On May 31, 2019, Dr. Eric V. Roth, a CDCR MDO evaluator and psychologist, evaluated defendant. Dr. Roth found defendant met the criteria as an MDO under section 2962 and recommended defendant be hospitalized within the California Department of State Hospitals (DSH).[2]

On June 13, 2019, Dr. Robert E. Record, a DSH evaluator and psychologist, also conducted an MDO evaluation of defendant. Dr. Record concluded defendant met all six criteria for treatment pursuant to section 2962.

On July 1, 2019, CDCR's Chief Psychiatrist, Dr. Nir Lorant, certified defendant's continued treatment by DSH under section 2962. Dr. Lorant stated that he had reviewed the psychological evaluations conducted by Dr. Record on June 13, 2019, and Dr. Roth on May 31, 2019, in concluding defendant met all six section 2962 criteria for a civil

---

[2] The Mentally Disordered Offender Act (§§ 2960 et seq.) provides for involuntary civil commitment as a condition of parole for prisoners who are found to have a "'severe mental health disorder'" if certain conditions are met. (§ 2962, subds. (a)-(f).) The commitment is for a term of one year, and the district attorney may petition to extend an MDO's commitment annually for additional one-year terms. (§§ 2970, 2972, subds. (a), (c), (e).)

commitment certification. Dr. Lorant also filed a document entitled "Certification of Mentally Disordered Offender" indicating that defendant met the criteria of section 2962. Dr. Lorant noted, among others, that (1) defendant had a severe mental disorder, specifically schizophrenia, paranoid type, chronic; (2) defendant had ongoing symptoms of anxiety, fear, irritability, varied eye contact, loose associations, paranoid delusions, and disorganized thought; (3) defendant was not in remission; (4) defendant had refused treatment; (5) defendant had been in treatment 90 days or more for a severe mental disorder within a year prior to her parole release date; and (6) defendant continued to present a substantial danger of physical harm to others due to being non-compliant with her medication, history of substance abuse, and lack of insight into her severe mental disorder.

On July 1, 2019, the Board of Prison Terms (BPT) reviewed the certification and reaffirmed defendant's continued treatment under section 2962. The BPT found defendant was a parolee who met all six criteria for certification as an MDO by a preponderance of the evidence.

On October 24, 2019, defendant filed a petition for a hearing with the superior court, challenging the BPT's determination she met the criteria as an MDO under section 2962, and order for appointment of counsel.

On November 21, 2019, the trial court appointed counsel for defendant.

On December 19, 2019, defendant waived her right to a jury trial and a court trial commenced. Defendant testified that she was housed at Patton as a "mentally disordered

5

offender," and that she had been diagnosed as a "[p]aranoid schizophrenic." She believed her diagnosis was correct. Defendant also stated that her "sickness . . . could be kept in remission if [she] treat[ed] [her]self . . . with the right medications . . . ." She understood she had to take her medication if she was released on parole. Defendant admitted that she did not take her medication while she was in prison, prior to being transferred to Patton. She explained that she did not take her medication in prison because she had medical concerns and communicated her concerns to her doctors. She asserted that she was taking her medication at Patton and at the time of the hearing.

After defendant testified, the People introduced 11 exhibits into evidence. The trial court admitted those exhibits into evidence without any objections by defense counsel, including objections pursuant to *People v. Sanchez* (2016) 63 Cal.4th 665. The exhibits consisted of the following documents: a Board of Parole Hearings packet; a police report concerning defendant's resisting arrest conviction; a prior packet as to defendant's resisting arrest conviction; defendant's mental health records from CDCR; notes from defendant's treating psychiatrist; notes from defendant's psychologist; nurse's notes; interdisciplinary notes; defendant's section 969b packet; defendant's criminal rap sheet; and interdisciplinary notes from October through December 2019.

On January 22, 2020, the trial court denied defendant's petition and found defendant met the criteria of an MDO under sections 2962 and 2966, subdivision (c). Defendant was thus ordered to remain committed to the DSH as a mentally disordered offender at Patton.

On January 29, 2020, defendant filed a timely notice of appeal from the civil commitment order under the Mentally Disordered Offender Act (§ 2960, et seq.).

III

DISCUSSION

As previously noted, after defendant appealed, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

Counsel acknowledges authorities holding that MDO commitment cases such as defendant's are exempt from *Anders*/*Wende* procedures (*People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*)), and, that such procedures do not apply to orders extending the civil commitment of an individual previously found not guilty by reason of insanity where counsel finds no arguable appellate issues and the client is given an opportunity to file a brief but does not. (*People v. Martinez* (2016) 246 Cal.App.4th 1226 (*Martinez*).)

7

Counsel also acknowledges these decisions rely in part on *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 538, in which the California Supreme Court held that appeals from Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.) conservatorship proceedings are not subject to *Anders*/*Wende* review. The *Anders*/*Wende* procedures apply only to an indigent criminal defendant's first appeal as a matter of right. (*Taylor*, at p. 312; *Martinez*, at pp. 1230, 1233, 1236; see *In re Phoenix H.* (2009) 47 Cal.4th 835, 838 [reiterating *Ben C.* holding]; *In re Sade C.* (1996) 13 Cal.4th 952, 959 [*Anders*/*Wende* do not extend to indigent parent's appeal of an order adversely affecting custody or parental status].)

Counsel nevertheless urges us to conduct an independent review of the record here, because "[t]hese issues have not been directly decided by the California Supreme Court." This argument does not convince us. We follow *Taylor*, *supra*, 160 Cal.App.4th 304, in which the prisoner there was also certified for MDO treatment as a condition of parole. (*Id*. at p. 312.) As *Taylor* pointed out, this court is bound by the high court's characterization of the MDO Act as a "'civil commitment scheme.'" (*Ibid*., quoting *In re Howard N.* (2005) 35 Cal.4th 117, 127.) Here, as in *Taylor*, defendant was informed of her right to file a supplemental brief identifying any issues she wanted us to consider, but did not do so. (*Taylor*, at p. 313.) We agree with *Taylor* and decline to apply *Wende*/*Anders* procedures to this MDO case and decline to exercise our discretion to conduct such a review.

8

Accordingly, for the reasons expressed in *Taylor*, dismissal is appropriate.

(*Taylor*, *supra*, 160 Cal.App.4th at p. 313.)

IV

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

MENETREZ
J.

9